## The People v. Manly Margeson.

*Criminal law—Conduct of prosecuting attorney.*

A respondent defended on the ground of insanity. The prosecuting attorney, in commenting upon the testimony of an expert witness for the respondent, who had testified that he was insane, and who was in charge of a private asylum for the insane in the city where the trial was being had, used the following language:

> "What motive has he for doing it? For instance, I was in the employ of George W. Hubbard, in the machinery business, selling binders. I would try to induce every farmer I came in contact with to repair his machinery. That is the case with Dr. Palmer. Here is a hospital under the droppings of the eaves of this court-house."

And it is held that it would be a reflection upon the intelligence of jurors to assume that the respondent's case was prejudiced by the language used.[1]

---

[1] For cases bearing upon the treatment of witnesses and their testimony by the prosecuting attorney on the trial and in his argument to the jury, see:

1. *People v. Quick*, 58 Mich. 321, 323, holding that a public prosecutor has no right to urge to the jury that respondent's failure to discredit an adverse witness by the testimony of others, instead of relying alone on cross-examination, is significant against him, and that he could show the facts if they existed.

2. *People v. Carr*, 64 Mich. 702, holding the action of the prosecuting attorney in so conducting the examination of one of the people's witnesses in a homicide case, who alone proved the cause of the death of the deceased, as to make it appear as if the witness had been guilty of falsification, although his story, so far as material, was entirely consistent, and this not by proof, but by the assertion of the prosecutor, not ruled out when objected to, to be sufficient ground for reversing the judgment and granting a new trial.

3. *People v. Harper*, 83 Mich. 273, holding that a statement by the prosecuting attorney in his closing argument in a homicide case that the people were not bound by the testimony of a witness whose testimony they were bound to introduce, except in so far as it was believed to be true, is not open to objection.

4. *People v. Hess*, 85 Mich. 128, holding that unfavorable comments by a prosecuting officer in his argument to the jury upon the failure of the respondent to testify in his own behalf, standing alone, furnish ground for setting aside a conviction.

5. *People v. Deitz*, 86 Mich. 419, 432, holding that it is incompetent for the prosecuting attorney, after refusing to call and swear

Error to Genesee.    (Newton, J.)    Argued February 1, 1894.    Decided February 20, 1894.

Respondent was convicted of assault with intent to do great bodily harm, less than the crime of murder, and sentenced to the State House of Correction and Reformatory at Ionia for three years.    Judgment affirmed.    The facts are stated in the opinion.

*Edward A. Murphy*, for respondent.

*A. A. Ellis*, Attorney General, and *George F. Brown*, Prosecuting Attorney, for the people.

McGRATH, C. J.    Respondent was informed against for felonious assault upon his wife with intent to do great bodily harm, less than murder.    The defense was insanity. A number of witnesses testified upon that question.    Dr. Palmer, who was in charge of the Oak Grove Sanitarium, at Flint, was called by the defense.   In his argument, the prosecuting attorney, commenting upon the testimony upon the subject, said:

"Here is Dr. Palmer, who testifies this man is insane. What motive has he for doing it?    For instance, I was in

a witness who was present at the occurrence for which the respondent is on trial, to comment upon the fact that such witness was sworn upon the preliminary examination, or that he was present in court, and was not called by the respondent.

6. *People v. Cahoon*, 88 Mich. 456, holding that juries very properly regard the prosecuting attorney as unprejudiced, impartial, and non-partisan, and insinuations thrown out by him regarding the credibility of witnesses for the defense are calculated to prejudice the respondent.

7. *People v. Kahler*, 93 Mich. 625, holding that it is error to permit a prosecuting attorney, in a case involving the alleged sale of liquor to a minor, to state to the jury that a saloon-keeper is not to be believed, and that witnesses sworn in his behalf, who had admitted on cross-examination that they were in the habit of drinking beer, were entitled to no better credit than the saloon-keeper.

8. *People v. O'Brien*, 96 Mich. 630, holding that the conduct of the prosecuting attorney in criticising the witnesses for the defense in the presence of the jury, and asking one of them if he knew the penalty for perjury, is open to grave criticism.

the employ of George W. Hubbard, in the machinery business, selling binders.    I would try to induce every farmer I came in contact with to repair his machinery.    That is the case with Dr. Palmer.    Here is a hospital under the droppings of the eaves of this court-house."

This is the only error assigned.    It would be a reflection upon the intelligence of jurors to assume that the respondent's case was prejudiced by the language used.

The judgment is affirmed.

Long, Grant, and Hooker, JJ., concurred.    Montgomery, J., did not sit.